UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES F. MILLER, )<br>)<br>　　　　Plaintiff )<br>)<br>v. )<br>)<br>CARRINGTON MORTGAGE )<br>SERVICES, LLC, )<br>)<br>　　　　Defendant ) | 2:19-cv-00016-JDL |

**RECOMMENDED DECISION ON MOTION
REGARDING CLASS SETTLEMENT**

The parties have negotiated a class settlement of Plaintiff's claim that Defendant engaged in unfair and deceptive debt collection practices. The parties ask the Court to certify the class pursuant to Federal Rule of Civil Procedure 23(b)(3) for settlement purposes,[1] grant preliminary approval of the proposed settlement, authorize a notice of the proposed settlement, and schedule a hearing on the proposed settlement. (Motion, ECF No. 34.)

Following a review of the joint motion and the record, I recommend the Court grant the motion.

**BACKGROUND**

Plaintiff maintains that after he and others discharged in bankruptcy debt secured by a mortgage on real property, which property they surrendered or expressed the intent to surrender in the bankruptcy proceedings, Defendant made several attempts to recover the

---

[1] Although Defendant joins in the request for preliminary approval of the settlement, Defendant takes no position as to whether class certification is appropriate, whether counsel is entitled to an award of attorneys' fees, or whether Plaintiff is entitled to an incentive award.

debt in violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*).[2] Plaintiff also asserted an individual claim for emotional distress caused by Defendant's collection attempts, which included telephone calls from Defendant's representatives. On Defendant's motion to dismiss, the Court determined that Plaintiff had not alleged an actionable claim for telephone harassment.

According to Plaintiff, discovery revealed that Defendant improperly attempted to collect the debt in a similar way (i.e., through monthly mortgage statements and insurance notices) from 41 or 42 individuals who had discharged in bankruptcy debt secured by a mortgage on real property. None of the individuals made a payment in response to Defendant's communications. After conducting some discovery, the parties negotiated the proposed settlement.

## DISCUSSION

### A. Preliminary Class Certification

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a party requesting class certification must demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

---

[2] A detailed recitation of the facts alleged in Plaintiff's complaint is set forth in the Court's order on Defendant's motion to dismiss. (Order, ECF No. 22.) In the Order, the Court concluded that Plaintiff's claim under the Maine Fair Debt Collection Practices Act (32 M.R.S. § 11001 *et seq.*) were preempted by the Bankruptcy Code.

>   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
>   (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). If the conditions are satisfied, a court may certify a class action if the action is of a type identified in section (b) of the Rule.

>   Federal Rule of Civil Procedure 23(b) provides:
>
>   (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:
>
>   (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>     (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
>     (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
>   (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
>   (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>     (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

>   (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
>   (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
>   (D) the likely difficulties in managing a class action.

Plaintiff asserts the requirements of Rule 23(a) are satisfied and thus seeks preliminary certification of the class for settlement pursuant to Rule 23(b)(3). Plaintiff asks the Court to certify a settlement class of all individuals who:

>   (1) have or had a residential mortgage loan secured by real property located in Maine and serviced by Carrington Mortgage Services, LLC, at some time between January 9, 2018 and October 11, 2019;
>
>   (2) which Carrington began servicing when the loan was at least 31 days delinquent;
>
>   (3) where one or more borrowers on the loan indicated an intent to surrender the mortgaged property to the creditor within a bankruptcy filing;
>
>   (4) where one or more borrowers on the loan received a bankruptcy discharge that included discharge of the personal obligation on the note secured by such mortgage before October 11, 2019; and
>
>   (5) where Carrington mailed at least one periodic statement and/or pre-renewal or placement notice for lender placed insurance to the mailing address on file for that account both between January 9, 2018 and [date of the Court's preliminary approval order] and after the bankruptcy discharge impacting that account was entered.

The Supreme Court has described a court's consideration of a request for certification of a class for settlement as follows:

>   Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management

4

> problems, for the proposal is that there be no trial. But other specifications of the Rule – those designed to protect absentees by blocking unwarranted or overbroad class definitions – demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

### (i) Rule 23(a)(1) Numerosity

The class consists of 41 or 42 individuals, which satisfies the numerosity requirement of Rule 23. *Venegas v. Global Aircraft Servs.,* 159 F. Supp. 3d 93, 98 (D. Me. 2016) ("courts in this circuit have generally found that a class of 40 or more individuals satisfies numerosity.").

### (ii) Rule 23(a)(2) Commonality

The claims of each class member present common questions of law and fact as contemplated by Rule 23(a)(2), including whether Defendant was a debt collector under the governing law, whether Defendant's alleged communications constitute an attempt to collect a debt, and whether Defendant's communications violated the governing law. The commonality requirement is thus satisfied.

### (iii) Rule 23(a)(3) Typicality

Because the claims are similar and because the record lacks any suggestion that Plaintiff has an objective that is inconsistent with the interests of the putative class members,

5

the typicality requirement is satisfied.[3] *See Henderson v. Bank of New York, N.A.*, 332 F. Supp. 3d 419, 427 (D. Mass. 2018) ("The touchstone [of the typicality requirement] is whether the putative class representative can fairly and adequately pursue the interests of the absent class members without being sidetracked by her own particular concerns.") (internal quotations and citation omitted).)

### (iv)   Rule 23(a)(4) Adequacy of Representation

The record establishes that Plaintiff would "fairly and adequately protect the interests of the class" as required by Federal Rule of Civil Procedure 23(a)(4). This requirement is generally satisfied if the interests of the named plaintiff "do not conflict with the interests of any class members." *LaRocque ex rel. Spang v. TRS Recovery Services, Inc.*, 285 F.R.D. 139, 149 (D. Me. 2012) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)). Plaintiff's interests regarding the common claims are similar, if not identical to, the interests of the putative class members – to maximize the recovery for Defendant's alleged statutory violations. Plaintiff's separate resolution of his claim for emotional distress, particularly with experienced, competent counsel to advise the class members, should not interfere with his ability to represent effectively the interests of the class on the statutory claim. Even if the Court were to engage in the "more rigorous" inquiry discussed by the Court in *LaRocque*, which inquiry would consist of an assessment of Plaintiff's knowledge of

---

[3] Although Plaintiff has asserted and resolved an individual claim for emotional distress. Plaintiff's claim within the class action – a claim for statutory damages under the Fair Debt Collection Practices Act – is the same claim asserted on behalf of all the putative class members.

the law and facts and Plaintiff's abilities, the requirement is satisfied insofar as the record reflects that Plaintiff has participated effectively in the case and the record lacks any evidence to suggest that Plaintiff does not have the necessary knowledge and competence to represent the class.

Finally, given the experience and demonstrated competence of counsel in consumer law matters and in class action litigation, proposed class counsel will adequately represent the putative class.

In sum, Plaintiff has satisfied the requirements of Rule 23(a).

### (v) Rule 23(b)(3) Factors: Predominance and Superiority

The legal issues on the statutory claims for which Plaintiff seeks certification are common to all members of the putative class and thus the common issues predominate. Furthermore, given the modest potential recovery on each individual claim for statutory damages, the lack of any identified challenges in managing the class, and the absence of any known separate individual legal actions commenced by putative class members, a class action is superior to other available methods to resolve the claims. Plaintiff, therefore, has demonstrated that a preliminary certification of the class is appropriate under Rule 23(b)(3).

### B. Preliminary Approval of Settlement

Court approval of a class action settlement involves a two-step process. *Michaud v. Monro Muffler Brake, Inc.,* 2015 WL 1206490 at *8 (D. Me. March 17, 2015); *Rapuano v. Trustees of Dartmouth College*, 2020 WL 475630 at *1 (D. N.H. January 29, 2020). The

7

parties first propose a settlement for preliminary approval. *Id*. Pursuant to Federal Rule of Civil Procedure 23(e), the court must determine whether it "will likely be able to" certify the class for settlement purposes and approve the settlement. Fed.R.Civ.P. 23(e)(1)(B). Thereafter, following notice to all putative class members pursuant to the court's direction, the court would determine whether the settlement was "fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(1)(B); Fed.R.Civ.P. 23(e)(2).

At this preliminary stage, therefore, the Court considers whether it "will likely be able to" approve the settlement. In this case, the parties propose a settlement of $550 for each account maintained by a putative class member. Defendant would also be responsible for the costs of the settlement administration and for an incentive or service award of $2,500 to be paid to Plaintiff.[4] Because none of the recipients of Defendant's communications made any payments on the discharged debt, the maximum statutory damages each individual could recover is $1,000. *See* 15 U.S.C. § 1692k(a). The proposed settlement contemplates that each individual would receive more than one-half of the maximum recovery. Given that the claim involves several legal and factual issues that are legitimately disputed and thus putative class members are not assured of succeeding on their claims, given that the parties are represented by counsel, and given that the parties agreed to the settlement only after conducting discovery to help assess the relative strengths and weaknesses of their respective

---

[4] "Because a named plaintiff is an essential ingredient of any class action, an incentive or service award can be appropriate to encourage or induce an individual to participate in the suit." *Scovil v. FedEx Ground Package System, Inc.,* No. 1:10-cv-515-DBH, 2014 1057079 at * 6 (D. Me. March 14, 2014).

8

positions on the disputed issues, the Court could reasonably conclude that approval of the settlement in an amount in excess of fifty percent of the maximum recovery is likely.[5]

### C. Appointment of Counsel

Pursuant to Federal Rule of Civil Procedure 23(g), the Court must appoint counsel who will "fairly and adequately represent the interest of the class." Fed.R.Civ.P. 23(g)(1)(4). The Court must consider "the work counsel has done in identifying or investigating potential claims;" "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" "counsel's knowledge of the applicable law; and" "the resources that counsel will commit to representing the class." Fed.R.Civ.P. 23(g)(1)(A)(i-iv). As reflected by the declarations of Attorneys Andrea Bopp Stark (Exhibit 2, ECF No. 34-2), Charles Delbaum (Exhibit 3, ECF No. 34-3) and Elizabeth Miller (Exhibit 4, ECF No. 34-4), proposed counsel have extensive consumer law and class action experience. In addition, Attorneys Stark and Miller and have successfully represented plaintiffs in consumer law matters in this Court for many years and have consistently demonstrated that they are highly skilled and knowledgeable practitioners. The record reflects that counsel have competently represented Plaintiff and the interests of the putative class and counsel's past performance and experience suggest that they will continue do so.

---

[5] The Court is also likely to conclude that the $2,500 proposed incentive or service award for Plaintiff is reasonable under the circumstances as it is not inconsistent with amounts awarded in other cases in this District. *See O'Connor v. Oakhurst Dairy*, 2:14-00192-NT, 2018 WL 3041388 at * 3 (D. Me. June 19, 2018); *In re TRS Recovery Servs., Inc. & Telecheck Servs., Inc., Fair Debt Collection Practices Act (FDCPA) Litig.*, No. 2:13-MD-2426-DBH (D. Me. Feb, 10, 2016), 2016 WL 543137 at * 9.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant the joint motion, preliminarily certify the class under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes, authorize notice of the proposed settlement to the class members, appoint Plaintiff's counsel of record as class counsel, and schedule a hearing on the proposed settlement.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of June, 2020.